IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK ORLANDO COOPER,
No. 30181-424,

        Petitioner,

vs.                                      Case No. 14-cv-00076-DRH

JAMES N. CROSS,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner Mark Orlando Cooper is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, serving a 155-month sentence based on armed robbery charges. *United States v. Cooper*, No. 07-cr-50058-5 (N.D. Ill. Sept. 22, 2008). On January 23, 2014, petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. Cooper argues that his First Amendment right to access the courts was denied when his petition under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence was denied without an evidentiary hearing. *United States of America v. Cooper*, No. 12-CV-50284 (N.D. Ill. Oct. 25, 2012). He seeks reinstatement and/or reconsideration of his Section 2255 motion, complete with an evidentiary hearing as prescribed in Section 2255(b). Cooper does not otherwise attack his conviction, sentence, or the duration of his confinement.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

## Procedural History

As summarized by the Court of Appeals, "Cooper pled guilty to the robbery count pursuant to 18 U.S.C. § 1951 and the firearm offense pursuant to 18 U.S.C. § 924(c). Cooper was sentenced to 71 months on the robbery offense and a consecutive 84 months on the firearms offense, for a total of 155 months." *United States v. Cooper*, 360 Fed. Appx. 657, 658 (7th Cir. 2010).

On direct appeal, Cooper challenged whether there had been an "abduction" during the robbery for purposes of applying a two-level increase under U.S.S.G. § 2B3.1(b)(4). The appellate court characterized this argument as "frivolous," and dismissed the appeal. *United States v. Cooper*, 360 Fed.Appx. 657 (7th Cir. 2010).

In July 2012, Cooper filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, again attacking the "abduction" issue, since a codefendant's sentence had been vacated and remanded on appeal due to an error

related to the "abduction enhancement." He also took issue with how his criminal history and a victim injury had been considered relative to his within-Guideline sentence. *See Cooper v. United States of America*, No. 12-CV-50284, Docs. 1, 3 (N.D. Ill. Oct. 25, 2012). The district court summarily dismissed the Section 2255 motion without a hearing and without a response from the government, finding the motion untimely and otherwise without merit. *Cooper*, No. 12-CV-50284, Doc. 3. A subsequent appeal was denied after the appellate court concluded Cooper had not shown the denial of a constitutional right. *Cooper v. United States*, No. 13-2514 (7th Cir. Oct. 31, 2013) (viewing the Section 2255 motion as successive to begin with, because Cooper had, essentially, filed the motion twice in the district court).

Cooper has now filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 attacking the district court's denial of his Section 2255 petition without affording him a hearing.

## Analysis

### Section 2241 as an Avenue for Relief

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas [Section] 2241 applies to challenges to the fact or duration of confinement. *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629

(7th Cir. 2000). *See also Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998).

Cooper does not attack the duration of his confinement, *per se*. Therefore, Section 2241 does not readily appear to be the appropriate avenue for relief. In effect, Cooper is attempting to use this court to allow him to present a successive, redundant Section 2255 petition attacking his conviction and sentence, skirting the requirements for bringing a successive petition (*see* Section 2255(h), (e)), and ignoring the Seventh Circuit's most recent ruling.

Normally, this Section 2241 would be dismissed out of hand. However, in *Gray-Bey v. United States*, 209 F.3d 986, 990 (7th Cir. 2000), the Seventh Circuit cautioned: "a district court presented with a petition for a writ of habeas corpus under [Section] 2241 should analyze that petition on its own terms, without assuming that whatever cannot proceed under [Section] 2255 also cannot proceed under [Section] 2241." In addition, in *Alaimalo v. United States*, 645 F.3d 1042 (9th Cir. 2011), the Court of Appeals for the Ninth Circuit reasoned that, under the gateway offered in Section 2255(e), Section 2241 can be utilized where a petition purportedly brought under Section 2241 is merely a "disguised" Section 2255 motion, and the petitioner has not secured a certificate of appealability (which is the scenario Cooper presents), *if* the petitioner claims actual innocence *and* "'has not had an unobstructed procedural shot at presenting that claim.'" *Id*. at 1047 (quoting *Stephens v. Herrera,* 464 F.3d 895, 898 (9th Cir. 2006)).

Cooper seems to be arguing that he did not have an unobstructed opportunity to argue his Section 2255 petition. Therefore, the Court will provide what is probably far more analysis than this petition warrants.

**The Merits of the Section 2241 Petition**

As mentioned above, a federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him, as petitioner Cooper has demonstrated. Indeed, a Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003). The statute generally limits a prisoner to *one* challenge of his conviction and sentence under Section 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Cooper was denied a certificate by the Seventh Circuit—thus explaining why his efforts to date have failed. *See Cooper*, No. 13-2514 (7th Cir. Oct. 31. 2013).

Like the Ninth Circuit, the Seventh Circuit (in which this district court is located) has recognized that it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under Section 2241. 28

U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  *See United States v. Prevatte,* 300 F.3d 792, 798–99 (7th Cir. 2002).  "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998)

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions.  First, he must show that he relies on a new statutory interpretation case rather than a constitutional case.  Secondly, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively.  Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice.  *Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013).  *See also Brown v. Rios,* 696 F3d 638, 640 (7th Cir. 2012).

Petitioner Cooper does not rely on a new statutory interpretation case; he does not even rely upon a new constitutional case.  Cooper also fails to assert that there was a fundamental defect in his conviction and sentence, although that is

certainly his ultimate goal. Cooper only argues—at most—that Section 2255 has proved to be an ineffective remedy because he was denied a hearing.

"A [Section] 2255 petitioner is entitled to an evidentiary hearing on his claim where he alleges facts that, if true, would entitle him to relief. A hearing, though, is not required when 'the files and records of the case conclusively show that the prisoner is entitled to no relief.' " *Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010) (quoting 28 U.S.C. § 2255(b)) (other internal citations omitted). The district court's order denying Cooper's Section 2255 motion thoroughly explains the law relied upon relative to the timeliness issue and the sentencing arguments. *See Cooper*, No. 12-cv-50284, Doc. 3 (N.D.Ill. Oct. 25, 2012)). The district court's decision rests entirely upon issues of law; therefore there was no need for an evidentiary hearing. Petitioner does not take issue with the district court's decision. Rather, he relies entirely upon the assertion that he *must* be afforded a hearing under the First Amendment. Therefore, Cooper's Section 2241 petition fails on its merits.

**IT IS HEREBY ORDERED** that, for the reasons stated, the petition is **DISMISSED** on the merits, with prejudice. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED.R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED.R. APP. P. 24(a)(1)(C). If

petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**Signed this 14th day of February, 2014.**

Digitally signed by David R. Herndon
Date: 2014.02.14 14:35:56 -06'00'

**Chief Judge**
**United States District Court**